IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHANE LOUIS BURD, | CV 16-00088-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DOCTOR KOHUT, | |
| Defendant. | |

Plaintiff Shane Burd has filed the following motions:  Motion for Leave to File an Amended Complaint (Doc. 9); Motion for Preliminary and Permanent Injunction (Doc. 10); Motion for Appointment of Counsel (Doc. 19); Motion to Correct the Amount of Relief in Amended Complaint and Motion to Submit copies of Documents (Doc. 21); Motion to Request Defendant to be Prosecuted for Perjury (Doc. 22); Motion for Entry of Default (Doc. 34); and Motion for Default Judgment (Doc. 36).  In addition, Defendant has filed a Motion to Take Deposition from Plaintiff Shane Burd (Docs. 37, 38).

## I.  Motions to Amend (Docs. 9, 21)

Rule 15 of the Federal Rules of Civil Procedure provides:

(1) Amending as a Matter of Course. A party may amend its pleading
once as a matter of course within:
        (A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or 21 days
after service of a motion under Rule 12(b), (e), or (f), whichever is
earlier.
(2) Other Amendments. In all other cases, a party may amend its
pleading only with the opposing party's written consent or the court's
leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).  Mr. Burd filed his first motion to amend (Doc. 9) within 21

days of Dr. Kohut's Answer to the Complaint.  As such, he may amend as a matter

of course and the motion for leave to amend (Doc. 9) will be granted.

Nevertheless, because Mr. Burd is a prisoner proceeding in forma pauperis,

the Court must review his Amended Complaint under 28 U.S.C. §§ 1915, 1915A.

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint

filed in forma pauperis or by a prisoner against a governmental defendant before it

is served if it is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such

relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if

not pleaded in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46

(1915).  A complaint fails to state a claim upon which relief may be granted if a

plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic*

-2-

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2)

requires a complaint to "contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).

As determined in the Court's original screening order, Mr. Burd's

allegations against Dr. Kohut are sufficient to state a claim under the Eighth

Amendment to the United States Constitution.  Dr. Kohut will be required to file a

response to the Amended Complaint within 14 days of the date of this Order.

Mr. Burd, however, also names former Director Mike Batista and former

Warden Leroy Kirkegard in the parties section of his Amended Complaint.  He

alleges that these individuals are responsible for the overall operation of Montana

State Prison and the welfare of the inmates therein.  (Amended Complaint, Doc. 9-

1 at 2-3.)  He makes no other allegations against these individuals in his Amended

Complaint.

A supervising officer can be held liable under 42 U.S.C. § 1983 under a

theory of supervisory liability.  "[A] plaintiff may state a claim against a supervisor

for deliberate indifference based upon the supervisor's knowledge of and

acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v.*

*Baca*, 652 F.3d 1202 (9th Cir. 2011).  Section 1983, however, will not impose

liability on supervising officers under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). That is, a defendant cannot be held liable just because they oversee the prison and/or supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).

Mr. Burd's only allegations against Defendants Batista and Kirkegard are that they oversee the prison. This is insufficient to state a claim for relief under section 1983 and therefore these individuals should be dismissed.

Mr. Burd also filed a Motion to Correct the Amount of Relief in his Amended Complaint. (Doc. 21.) Defendants did not respond to this motion which pursuant to Local Rule 7.1(d)(1)(B)(i) may be deemed an admission that the motion is well-taken. The motion will also be granted.

## II. Motion for Appointment of Counsel (Doc. 19)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

*withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal

cases, the statute that applies does not give a court the power to simply appoint an

attorney.  A judge cannot order a lawyer to represent a plaintiff in a § 1983

lawsuit–a judge can merely request a lawyer to do so.  *Mallard v. United States

Dist. Court*, 490 U.S. 296, 310 (1989); 28 U.S.C. § 1915(e)(1).  Further, a judge

may request counsel for an indigent plaintiff only under "exceptional

circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both
> 'the likelihood of success on the merits and the ability of the petitioner
> to articulate his claims pro se in light of the complexity of the legal
> issues involved.'  Neither of these factors is dispositive and both must
> be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986) (citations omitted).

Mr. Burd argues that he is unable to afford counsel, his imprisonment will

greatly limit his ability to litigate, the issue involved are complex, he has limited

access to the law library and limited knowledge of the law, a trial will involve

conflicting testimony, and he has made efforts to obtain a lawyer.  (Doc. 19.)  This

is an insufficient basis upon which to appoint counsel.  Many indigent plaintiffs

might fare better if represented by counsel, but this is not the test.  *Rand*, 113 F.3d

at 1525.  Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily.  This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331.

Mr. Burd has demonstrated his ability to litigate this matter without counsel and he has not yet shown a likelihood of success on the merits.  The motion to appoint counsel will be denied.

### III.  Motion to Request Defendant to be Prosecuted for Perjury (Doc. 22)

Mr. Burd requests that Dr. Kohut be prosecuted for perjury because Mr. Burd disagrees with some of Dr. Kohut's assertions in his Answer to Mr. Burd's Complaint.  The statute Mr. Burd cites, 31 U.S.C. § 3729, applies to claims against the United States Government and does not apply in this matter.

The issues raised in Mr. Burd's motion are factual discrepancies that will presumably be litigated in this action.  Mr. Burd's disagreements with Dr. Kohut's version of the case does not warrant sanctions.  The motion will be denied.

### IV.  Motions for Default (Docs. 34,  36)

Mr. Burd seeks default because he alleges Dr. Kohut refused to answer his interrogatories.  There are numerous issues with the motion.  First, default is not appropriate under Rule 55 of the Federal Rules of Civil Procedure because Dr. Kohut timely answered Mr. Burd's Complaint.  (*See* Doc. 16, December 19, 2016

Order denying Motion for Entry of Default.)  Secondly, although Mr. Burd states

in his motion that Dr. Kohut did not answer his interrogatories, he attached Dr.

Kohut's responses to Mr. Burd's interrogatories.  Third, Mr. Burd has not

complied with the Court's rules regarding discovery motions.  As set forth in the

Court's December 12, 2016 Scheduling Order (Doc. 12),

> The Court will not consider motions to compel or other discovery
> disputes unless the moving party complies with Fed. R. Civ. P.
> 37(a)(1) ("The motion must include a certification that the movant has
> in good faith conferred or attempted to confer with the person or party
> failing to make disclosure or discovery in an effort to obtain it without
> court action."); D. Mont. L.R. 7.1(c)(1) ("The text of the motion must
> state that other parties have been contacted and state whether any
> party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court
> will deny any discovery motion unless the parties have conferred
> concerning all disputed issues before the motion is filed.").

(Scheduling Order, Doc. 12 at 6.)

> Specifically, the Court's Local Rules provide:

> The court will deny any discovery motion unless the parties have
> conferred concerning all disputed issues before the motion is filed.
> The mere sending of a written, electronic, or voicemail
> communication does not satisfy this requirement. Rather, this
> requirement can be satisfied only through direct dialogue and
> discussion in a face to face meeting (whether in person or by
> electronic means), in a telephone conversation, or in detailed,
> comprehensive correspondence.

Local Rule 26.3(c)(1).  Mr. Burd indicated that he sent a copy of his declaration for

default to counsel for Dr. Kohut but this is clearly insufficient to comply with this

-7-

rule.  Mr. Burd was provided a copy of this rule with the Court's Scheduling

Order.  Nowhere in his filings does Mr. Burd explain how Dr. Kohut's responses

are deficient.

The motions for default will be denied.

## V.  Motion to Take Deposition from Plaintiff Shane Burd (Docs. 37, 38).

Defendant Dr. Kohut has moved to depose Plaintiff Shane Burd.  (Doc. 37.)

Mr. Burd clearly has information relevant to his claims, therefore, the motion will

be granted.

## VI.  Motion for Preliminary and Permanent Injunction (Doc. 10);

Mr. Burd seeks a preliminary and permanent injunction requiring Dr. Kohut

to put him back on Ultam for pain, schedule surgery, send him to an outside

specialist, put him on a medical diet for his ulcers, help him with his low sodium,

and to put him on humira.  (Doc. 10.)  He refers the Court to the documents he has

already submitted and then submitted a declaration accusing Dr. Kohut of sexual

assault.  (Docs. 10, 11.)

"A preliminary injunction is an extraordinary remedy never awarded as of

right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008)

(citations omitted).  It serves not as a preliminary adjudication on the merits but as

a tool to preserve the status quo and prevent irreparable loss of rights before

judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th

Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance

the competing claims of injury and must consider the effect on each party of the

granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations

and internal quotation marks omitted).  "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter*,

555 U.S. at 20 (citations omitted).

    *Winter* does not expressly prohibit use of a "sliding scale approach to

preliminary injunctions" whereby "the elements of the preliminary injunction test

are balanced, so that a stronger showing of one element may offset a weaker

showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127,

1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under

which a preliminary injunction could issue where the likelihood of success is such

that serious questions going to the merits were raised and the balance of hardships

tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks

omitted).

    A preliminary injunction "should not be granted unless the movant, *by a*

*clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068,
1072 (9th Cir. 2012) (citations omitted, emphasis in original).  A request for a
mandatory injunction seeking relief well beyond the status quo is disfavored and
shall not be granted unless the facts and law clearly favor the moving party.
*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

 In order to prove a § 1983 claim for violation of the Eighth Amendment
based on inadequate medical care, a plaintiff must show "acts or omissions
sufficiently harmful to evidence deliberate indifference to serious medical needs."
*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, in order to prevail, Mr. Burd
must show both that his medical needs were objectively serious, and that Dr. Kohut
possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 299
(1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).
The requisite state of mind for a medical claim is "deliberate indifference."
*Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

 A serious medical need exists if the failure to treat a prisoner's condition
could result in further significant injury or the unnecessary and wanton infliction of
pain.  Indications that a prisoner has a serious need for medical treatment are the
following:  the existence of an injury that a reasonable doctor or patient would find
important and worthy of comment or treatment; the presence of a medical

condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *Wood v. Housewright*, 900 F.2d 1332, 133741 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989); *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). The Court will presume for purposes of this Order that Mr. Burd has serious medical/mental health care needs.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. *Farmer*, 511 U.S. at 835. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular

case. *Id.*

In response to Mr. Burd's motion, Defendants submitted medical records indicating that Mr. Burd has been continually seen, evaluated, and treated for his multiple complaints by providers both inside and outside MSP.  (Kohut Affidavit, Doc. 26-1, Medical File, Doc. 26-2.)  Mr. Burd may not agree with the level of care that he is receiving but "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Mr. Burd "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).  There is no evidence to make this showing.

Mr. Burd failed to demonstrate a likelihood of success on the merits of his claims.  As such, he has not met his burden for obtaining injunctive relief at this stage of the proceedings.

Accordingly, the Court issues the following:

**ORDER**

1.  Mr. Burd's Motion for Leave to File an Amended Complaint (Doc. 9) is GRANTED.  The Clerk of Court is directed to file Mr. Burd's Amended Complaint (Doc. 9-1).

1.  Mr. Burd's Motion for Appointment of Counsel (Doc. 19) is DENIED.

2.  Mr. Burd's Motion to Correct the Amount of Relief in Amended Complaint (Doc. 21) is GRANTED.

3.  Mr. Burd's Motion to Request Defendant to be Prosecuted for Perjury (Doc. 22) is DENIED.

4.  Mr. Burd's Motion for Entry of Default (Doc. 34) and Motion for Default Judgment (Doc. 36) as construed as discovery motions are DENIED.

5.  Dr. Kohut's Motion to Depose Mr. Burd (Docs. 37, 38) is GRANTED. Defendant is granted leave to take the deposition of Mr. Burd pursuant to Fed. R. Civ. P. 30(a)(2)(B).  Defense counsel shall provide Mr. Burd with notice of the date of the deposition in the form provided in Rule 30(b)(1), and such notice shall be deemed sufficient if the notice is mailed to Mr. Burd at least 15 days prior to the scheduled date for the deposition.  Mr. Burd shall take notice that disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which he may refuse to answer

appropriate questions.  The failure of the Mr. Burd to attend, be sworn, and answer

appropriate questions may result in sanctions, including dismissal of the action

pursuant to Fed. R. Civ. P. 37.  Objections made in good faith in accordance with

governing rules are not prohibited.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mike Batista and Leroy Kirkegard should be DISMISSED from this

action.

2.  Mr. Burd's Motion for Preliminary and Permanent Injunction (Doc. 10)

should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 22nd day of May 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge