IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHANE LOUIS BURD, | CV 16-00088-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DOCTOR KOHUT, | |
| Defendant. | |

Pending before the Court is Plaintiff Shane Burd's Motion to Ask the Court to Appoint Counsel and Expert (Doc. 49) and Defendant's Motion for Summary Judgment (Doc. 53). The motion for appointment of counsel and an expert will be denied. Due to issue regarding Mr. Burd's access to his legal materials at the prison, the briefing on the motion for summary judgment will be stayed.

## I.  MOTION FOR APPOINTMENT OF COUNSEL & EXPERT

This is Mr. Burd's second motion for the appointment of counsel. His first motion (Doc. 19) was denied by Order dated May 22, 2017 (Doc. 43).[1]  In his

---

[1] Defendant indicated in his response to Mr. Burd's motion that the Court "recommended denial" of the prior motion for appointment of counsel. (Doc. 57 at 2.)  Although there were other recommendations made in the May 22, 2017 Order and Findings and Recommendations, the denial of counsel was done by Order and is not subject to the objection process under 28 U.S.C. §636(b)(1).  (Doc. 43 at 13.)

current motion, Mr. Burd argues that the need for expert testimony is essential

because he is indigent and cannot afford to hire an expert.  He also argues that the

importance of expert testimony is one of the factors that supports the appointment

of counsel.  He submits that only a qualified person can explain his medical

conditions to a jury and the court because his physical issues are confusing and

conflicting and he is subject to questions by Defendant's counsel that he is not

qualified to answer.  He argues that appointment of an expert may avoid a "wholly

one-sided presentation of opinions on these issues."  (Doc. 49.)

Mr. Burd brings his motion under Rule 706 of the Federal Rules of

Evidence.  Under Rule 706, experts are properly appointed in the court's discretion

to assist the trier of fact in evaluating contradictory or complex evidence.  *Walker*

*v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.

1999) (independent expert appointed to assist court in evaluating conflicting

evidence of elusive disease of unknown origin); *McKinney v. Anderson*, 924 F.2d

1500, 1510–11 (9th Cir. 1991) (noting court's discretion to appoint expert in case

involving complex scientific issues concerning effects of secondary cigarette

smoke), *vacated on other grounds, Helling v. McKinney*, 502 U.S. 903 (1991).

Appointment of an expert witness may generally be appropriate when "scientific,

technical, or other specialized knowledge will assist the trier of fact to understand

the evidence or decide a fact in issue . . . " *Levi v. Dir. of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2, 2006 WL 845733 (E.D. Cal. 2006) (citation omitted).

Appointment of an expert is not appropriate for the purpose of assisting a litigating party for his own benefit. *See Carranza v. Fraas*, 763 F.Supp.2d 113, 119–20 (D.D.C. 2011); *Pedraza v. Jones*, 71 F.3d 194, 198 n. 5 (5th Cir. 1995); *Trimble v. City of Phoenix Police Dept.*, 2006 U.S. Dist. LEXIS 13061, *6, 2006 WL 778697 (D. Ariz. 2006) (citation omitted).

Mr. Burd has not shown issues of requisite complexity requiring appointment of an expert witness to assist the trier of fact. To prevail on his Eighth Amendment deliberate indifference claim, Mr. Burd must show that Defendant acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [Burd's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Torbert v. Gore*, 2016 WL 3460262, at *2 (quoting Levi, 2006 WL 845733, at *1). Rather, the Court and, if necessary, the jury will need to consider Dr. Kohut's subjective knowledge of any risks to Mr. Burd's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002).

Further, the determination of whether Mr. Burd's medical needs are

sufficiently "serious" to amount to an Eighth Amendment violation will depend on Mr. Burd's subjective testimony regarding his conditions, the pain he suffers from, and how his conditions impact his daily life. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") The assistance of an expert witness would be unnecessary under these circumstances.

Mr. Burd appears to make this request for his own assistance, which is outside the scope of Rule 706. The Court does not find the issues presented in this case to be sufficiently complex, thereby necessitating an expert. In addition, as Defendant points out, Mr. Burd's request is untimely. Discovery in this matter has ended and the appointment of an expert would require re-opening of discovery.

Similarly, for the reasons set forth the May 22, 2017 Order, Mr. Burd has not shown the exceptional circumstances to justify a request for counsel. He has demonstrated his ability to litigate this matter without counsel and he has not yet

shown a likelihood of success on the merits.

The motion for appointment of an expert and for appointment of counsel will be denied.

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant filed a motion for summary judgment on June 29, 2017.  (Doc. 53.)  By Notice filed July 12, 2017, counsel for Defendant advised the Court that Mr. Burd's service copy of the motion for summary judgment which was sent to Montana State Prison (MSP) was returned in the mail with a notation that "inmate no longer here."  (Doc. 60.)  Court mail sent to Mr. Burd at MSP on June 28, 2017, was returned to the Court as undeliverable with the same notation on July 11, 2017. (Doc. 59.)  Counsel is working with staff at MSP to resolve this issue because Mr. Burd is still at MSP but has been placed on a "Behavior Management Plan" since June 24, 2017, which has hindered his access to his legal materials.  Counsel asks that the briefing schedule on the motion for summary judgment be vacated and a date set for a status report.

As it is not even clear that Mr. Burd has received a copy of the motion for summary judgment, Defendant's request will be granted.  The parties will be required to file a status report regarding Mr. Burd's access to his legal materials within thirty days of the date of this Order.  Once Mr. Burd has access to his legal

materials, the Court will set a date by which he must respond to Defendant's motion for summary judgment.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Burd's Motion to Ask the Court to Appoint Counsel & Expert (Doc. 49) is DENIED.

2.  Briefing on Defendant's motion for summary judgment is STAYED. Within thirty days of the date of this Order, the parties shall file a status report regarding Mr. Burd's access to his legal materials.

3.  At all times during the pendency of this action, Mr. Burd must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 28th day of July 2017.

    */s/ John Johnston*_____
John Johnston
United States Magistrate Judge