FILED
JUN 21 2018
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHANE LOUIS BURD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DR. TRISTAN KOHUT,<br><br>　　　　Defendant. | CV 16–88–H–DLC–JTJ<br><br>ORDER |

Three motions are pending before the Court: (1) Defendant Dr. Tristan Kohut's ("Dr. Kohut") Motion for Summary Judgment (Doc. 53); (2) Plaintiff Shane Burd's ("Burd") Motion for a Preliminary Injunction (Doc. 72); and (3) Burd's Motion to Cross-Move for Summary Judgment (Doc. 79). For the reasons explained below, the Court grants summary judgment in favor of Dr. Kohut and denies both of Burd's motions.

I. **Dr. Kohut's Motion for Summary Judgment**

On February 27, 2018 Magistrate Judge John T. Johnston entered his Findings and Recommendations, recommending summary judgment in Dr. Kohut's favor. (Doc. 70.) Burd timely objects and is therefore entitled to de

-1-

novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings and recommendations to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Because the parties are familiar with the factual and procedural background provided in great detail in Judge Johnston's Findings and Recommendations it will only be restated here as necessary to understand the Court's order.

### LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## DISCUSSION

Judge Johnston recommended dismissing Burd's Eighth Amendment claim, finding that that there was no evidence in the record to suggest that Dr. Kohut's actions amounted to "deliberate indifference." (Doc. 70 at 32.) To the extent that Burd's objections merely rehash arguments previously raised and considered by Judge Johnston, the Court will not conduct a de novo review of those arguments. However, the Court will review de novo Burd's legal and factual arguments. Burd argues: (1) that *Lavender v. Lampert*, 242 F. Supp.2d 821 (D. Or. 2002), and *Rosen v. Chang*, 811 F. Supp. 754 (D. R. I. 1993), provide precedent for this Court to find that Dr. Kohut acted with deliberate indifference

(Doc. 77 at 1–2); and (2) that there is a genuine dispute of material fact. Specifically, Burd claims that Dr. Kohut's examinations and attentiveness to Burd's medical care is not as timely as Dr. Kohut claims, and that contrary to Dr. Kohut's assertion, Dr. Kohut treated Burd for a testicular lump. Lastly, Burd raises allegations of sexual abuse against Dr. Kohut. (Doc. 77.)

To prevail in an Eighth Amendment claim for inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference is a demanding standard and goes beyond negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It is established when a defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). However, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Oritz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). "Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care." *Lavender*, 242 F. Supp. 2d at 842.

Judge Johnston assumed—and this Court agrees—that Burd's medical needs are "serious." (Doc. 70 at 30.) Thus, the inquiry is limited to whether Dr.

Kohut's acts or omissions indicate deliberate indifference.

Burd cites to *Lavender* to support the proposition that deliberate indifference may be shown when "there is an ongoing pattern of ignoring and failing to timely respond, or to effectively manage [the] plaintiff's chronic pain." (Doc. 77 at 1 (citing *id.* at 843).) In *Lavender*, the inmate had "a spinal injury that cause[d] him to suffer from an inverted right foot, a clawing deformity of his right toes, and chronic pain." *Id.* at 842. The record revealed that the inmate consistently complained of debilitating pain and was often unable to walk, requiring a wheelchair. *Id.* at 830. Despite his chronic pain, the inmate often went days without any valid prescription for his pain management and his use of the wheelchair was restricted. *Id.* at 831. Once, his pain medication was revoked entirely and for no apparent reason. *Id.* at 847. Additionally, after being diagnosed, prison doctors were considerably delayed in getting the inmate appropriate orthopedic footwear, which resulted in an "ongoing injury to [his] toes, [and] refusal to render treatment for toe injuries." *Id.* at 843. The court concluded that this conduct was sufficient to raise a genuine issue of material fact. *Id.* at 825.

In contrast, Burd's treatment history indicates that Burd has received regular, timely care focused both on responding to Burd's immediate pain and addressing its underlying causes. (*See* Doc. 70 at 5–28.) The medical records

indicate that Burd's kites were timely answered, that he regularly met with members of the nursing staff, and was regularly recommended and received over-the-counter pain medication, and prescribed medication as needed. (Docs. 54-2 at 1–48; 54-3 at 1–52; 54-4 at 1–31.) As Burd's medical needs rose in severity, it was recognized—often resulting in an emergency consult with an onsite physician and occasionally Burd was transferred for outside consult. (Docs. 70 at 5; 54-2 at 17–18, 24–25, 34, 39–40, 45.) While Burd complains that he was denied medication that had been prescribed to him, the record indicates that Burd was denied Ultram only when his prescription expired. (Doc. 54-2 at 21, 23, 27.) Ultram is a controlled Class IV, narcotic-like medication and is not suitable for long-term use. (Doc. 70 at 18.) Burd's continued request for Ultram does not indicate that Dr. Kohut was "deliberately indifferent" to Burd's medical needs, but at most, indicates only "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment" which does not give rise to an Eighth Amendment claim. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Burd's citation to *Rosen* is inapt. In *Rosen* an inmate died from peritonitis with septic shock after suffering from appendicitis for "at least two weeks before he died and more likely up to six weeks." *Rosen*, 811 F. Supp. at 758. In the weeks before his death, the inmate had gone to "sick call twice a day every single

day and reported his symptoms and extreme stomach pain to the nurse on duty." *Id.* At the same time, the inmate constantly complained of the failure of medical staff to do anything to abate his pain. *Id.* The district court of Rhode Island denied summary judgment on most of defendant's claims finding that there was a dispute of fact. *Id.* at 761.

The medical records alone distinguish *Rosen* from Burd's case. Burd was never given a band aid to cover-up a gunshot wound. Despite Burd's regular need for pain relief, the medical staff were responsive to Burd's needs and sought accurate diagnoses and pursued long-term solutions. (See Doc. 70 at 5–28.) Burd was tested for numerous conditions, including diabetes, gallbladder inflammation, appendicitis, a herniated disc, hyponatremia, esophagitis, and an ulcer. (Doc. 70 at 6–8, 15–16.) When Burd was diagnosed with an ulcer and GERD, he was prescribed Prilosec and Carafe to treat the ulcer and when his pain became unmanageable, he was prescribed a six-week course of Ultram. (Doc. 70 at 16–17.)

Having reviewed the new legal authorities presented by Burd, the Court concludes that Burd's case is distinguishable.

Next, Burd claims that Dr. Kohut was incorrect in his affidavit when he swore that he had never treated Burd for a testicular lump and that Burd had not complained of a testicular lump between June 21, 2014 and August 16, 2016.

(Doc. 77 at 2–3.) Burd indicates two kites which he claims show otherwise. On August 15, 2016 Burd complained of testicular pain and on June 27, 2016 Burd complained of pain in his genital area. (*Id.*) Dr. Kohut argues that his affidavit was correct because a testicular lump and testicular pain are not the same thing. (Doc. 78 at 3.) Regardless, the Court fails to see how this dispute of fact is material to the determination. Even viewing this evidence in the light most favorable to Burd, Burd's claim that Dr. Kohut treated or evaluated him for a testicular lump does not demonstrate "deliberate indifference." Quite the opposite. This fact demonstrates that when Burd complained of testicular pain, his symptoms were investigated.

Next, Burd claims that he was denied pain medication for eight days after a procedure which was performed on December 2, 2015. (Doc. 77 at 3.) This allegation was presented to Judge Johnston who found that the record demonstrated that in early December of 2015, Burd was diagnosed with an ulcer. (Doc. 70 at 14–15.) After this, his access to NSAIDS were restricted because this type of pain medication can cause ulcers. Instead, Burd was being treated with Prilosec and Carafate. (*Id.*)

During this time period, Burd kited that he was in pain three times before he was seen by a doctor. (Doc. 70 at 15.) Ultimately, on the December 10, 2018, when Burd continued to complain of unrelenting pain, he was prescribed Ultram.

(Doc. 70 at 17.) At best, there was a weeklong delay between Burd's first kite and his receipt of narcotics on December 10th. However, Burd's attempts to characterize this delay as demonstrating "deliberate indifference" is not well-taken. This instance is a far cry from the sort of conduct demonstrated in *Lavender* and *Rosen*, and does not raise a dispute of material fact.

Lastly, Burd claims that Dr. Kohut subjected him to sexual abuse. In his objection to Judge Johnston's Findings and Recommendations, Burd raises this allegation for the first time, claiming that he can produce the names of nine witnesses who "were also cut off there (sic) medication until they showed Dr. Tristan Kohut their private parts." (Doc. 77 at 1.) The Court will dismiss this allegation. Unpleaded allegations of sexual abuse raised for the first time during summary judgment proceedings should be disregarded. *Brown v. City of San Bernardino*, 250 F. Supp. 3d 568, 587 (C.D. Cal. 2017); *Ward v. Clark County*, 285 Fed. App'x 412, 413 (9th Cir. 2008) (stating "a party may not circumvent Rule 8's pleading requirements by asserting a new allegation in response to a motion for summary judgment."); *Greenhouse v. Security of Health & Human Servc.*, 863 F.2d 633, 638–39 (9th Cir. 1998) (stating that "allowing the parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and preset a different theory to the district court would frustrate the purpose of the Magistrate Act."); *Keen v. Noble*, 2007 U.S. Dist. LEXIS 69629 (E.D. Cal.)

-9-

(stating "new evidence and arguments should not be raised in objections to Findings and Recommendations".)

Reviewing Burd's other arguments for clear error and finding none and having reviewed the legal authority and factual information provided by Burd, the Court determines that there is no dispute of material fact and adopts Judge Johnston's recommendation to grant summary judgment to Dr. Kohut.

## II. Burd's Motion for a Preliminary Injunction

On March 19, 2018 Burd filed a Preliminary Injunction claiming that on March 4, 2018 he swallowed pieces of copper, a paper clip, a screw, and a number of batteries. (Doc. 72 at 1.) His motion reports that he is in severe pain and prison staff have refused to treat him because his injury is self-inflicted. The remedy requested by Burd is to have him sent to a hospital "immediately."

Dr. Kohut claims that Burd's motion is moot because Burd was taken to the emergency room within hours of swallowing the metal, and has been seen repeatedly by both MSP and non-MSP medical staff for his after-care, including two inpatient procedures which were performed at St. James Hospital. Having reviewed the medical records submitted to the Court by Dr. Kohut, the Court determines that Burd's Motion is moot.

## III. Burd's Cross-Motion for Summary Judgment

Burd's motion is untimely. This Court issued a Scheduling Order setting a

deadline of June 30, 2017 for all pretrial motions. (Doc. 12 at 8–9.) Untimeliness aside, the arguments made in Burd's motion merely regurgitate the arguments already asserted in Burd's objections to the Findings and Recommendation and have been addressed above. Burd's motion is denied.

Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment (Doc. 53) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (Doc. 72) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's cross-motion for Summary Judgment (Doc. 79) is DENIED.

1. The Clerk of Court is directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 21st day of June, 2018.

Dana L. Christensen, Chief Judge
United States District Court